UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-798-JFW (KK) | Date | April 28, 2015 |
|---|---|---|---|
| Title | Edwin Allen Groover v. Riverside Superior Court Case RIF 1310031 | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed Without Leave to Amend

On April 23, 2015, Plaintiff Edwin Allen Groover, proceeding *pro se*, filed a Complaint against Riverside County Superior Court ("RCSC"). Plaintiff states RCSC "has ordered me not to travel upon the roads of the State of California unless properly licensed and insured." ECF No. 1 at 6. Plaintiff claims this order violates the First Amendment, under which, Plaintiff alleges, he "enjoy[s] the right to travel with impunity." Id. at 7. Plaintiff further states RCSC "has ordered me to pay fines, fees, and restitution in Federal Reserve Notes." Id. at 8. Plaintiff claims this order "is tantamount to ordering me to commit fraud against the State of California," because Federal Reserve Notes are allegedly "not legal tender," as they "are not redeemable in gold, silver or any other commodity." Id. Plaintiff asks the Court to dismiss his RCSC case in its entirety and award Plaintiff "damages of $530,240.89," plus "any punitive damages at the [Court's] discretion." Id. at 12.

The Complaint is plainly a *de facto* appeal of a state-court judgment, which is barred under the Rooker-Feldman doctrine. In addition, the Complaint seeks damages from RCSC, which is immune from suit under the Eleventh Amendment. Thus, Plaintiff is ordered to show cause why the Complaint should not be dismissed without leave to amend as barred by the Rooker-Feldman doctrine and the Eleventh Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-798-JFW (KK) | Date | April 28, 2015 |
|---|---|---|---|
| Title | Edwin Allen Groover v. Riverside Superior Court Case RIF 1310031 | | |

**A.    The Complaint Violates the Rooker-Feldman Doctrine.**

"The Rooker-Feldman[1] doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013) (citation omitted). "To determine whether the Rooker-Feldman bar is applicable, a district court first must determine whether the action contains a forbidden *de facto* appeal of a state court decision." Id. (citation and footnote omitted). "A *de facto* appeal exists when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." Id. (citation and internal quotation marks omitted); see also id. (stating that, for Rooker-Feldman to bar jurisdiction, the "plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief") (citation and internal quotation marks omitted).

Here, Plaintiff alleges RCSC committed legal errors in ordering him (1) "not to travel upon the roads of the State of California unless properly licensed and insured," and (2) "to pay fines, fees, and restitution in Federal Reserve Notes." ECF No. 1 at 6-8.  On the basis of those alleged errors, Plaintiff asks this Court to set aside RCSC's judgment against him. Id. at 12.  Thus, this case is plainly "a forbidden *de facto* appeal" of RCSC's decision, and Rooker-Feldman bars jurisdiction. Bell, 709 F.3d at 897.

**B.    The Complaint Violates the Eleventh Amendment.**

"States are protected by the Eleventh Amendment from suits brought by citizens in federal court." Assoc. des Eleveurs de Canards et d'Oies du Quebec v. Harris, 729 F.3d 937, 943 (9th Cir. 2013) (citation and internal quotation marks omitted).  State courts "are arms of the state for Eleventh Amendment purposes." Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (holding "Plaintiff cannot state a claim against the Sacramento County Superior Court," under the Eleventh Amendment) (citations omitted).

---

[1] See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-798-JFW (KK) | Date | April 28, 2015 |
|---|---|---|---|
| Title | Edwin Allen Groover v. Riverside Superior Court Case RIF 1310031 | | |

Here, Plaintiff asks the Court to award him "damages of $530,240.89," plus "any punitive damages," for RCSC's alleged errors. ECF No. at 12. Because Plaintiff seeks damages from an "arm[] of the State," he has failed to state a claim. Simmons, 318 F.3d at 1161.

* * *

Plaintiff is therefore ORDERED TO SHOW CAUSE, within **14 days** of the date of this Order, why the Court should not dismiss the Complaint without leave to amend as barred by the Rooker-Feldman doctrine and the Eleventh Amendment.

As an alternative, Plaintiff may, within **14 days** of the date of this Order, request a voluntary dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal Form is attached for Plaintiff's convenience.**

The Court warns Plaintiff that failure to file a timely response to this Order will result in a recommendation that this action be dismissed with prejudice for failure to obey Court orders.